This document contains some pages that are of poor quality at the time of imaging.

# IN THE
# Court OF Appeals
# FOR THE
# Criminal Appeals OF Texas
## EN Banc

5,483-01

RECEIVED IN
COURT OF ... APPEALS

JUN 01 2015

Abel Acosta, Clerk

Meria James Bradley - Petitioner

v.

The State of Texas - Respondent

FOR 11.0.7 Writ IN The 183rd District Court
Harris County, Texas - Houston

Trial Court Case Number: 1328927-C

## Original Application For Writ of Mandamus

To The Honorable Judge of Said Courts:

Come Now Meria James Bradley Petitioner Pro-Se IN The above-Styled Number Cause of Action and Files this Original Application For mandamus Pursuant to Article 11.0.7. Section 3. C. of The Texas Code of Criminal Procedure and would Show The Court the Following:

## I

I'm meria James Bradley my T.D.C.J. Number is 1837524 I'm Incarcerated in the Texas Department of Criminal Justin And is appearing Pro Se. Who Can be located at the Polunsky 3872 FM 350 South - Livingston. Texas 77351.

Petitioner has Exhausted His State Remedies and Have no other Adequate remedy at Law. The Act Sought to be Compelled is ministerial. Not discretionary In Nature. T.C.C.P. Art 11.0.7. Section 3-c requires the Respondent To Immediately Transmit to the Court of Criminal Appeals. A Copy of the Application For Writ of Habeas Corpus. Any Answers filed And A certificate reciting the Date upon which that finding was made. If the Convicting Court Decides that there are No issues to be resolved. No Copy of the Application For Writ of habea Corpus any Answers Filed was and A certificate reciting the Date upon which that Finding was made have been transmitted To the Court of Criminal Appeals that such Document been transmitted to the Court of Criminal Appeals by the Respondent AS Required by statute. Petitioner would have received notice From the Court of Criminal Appeals.

## II

The Respondent <u>Devon Anderson</u> District Attorney of Harris County Texas has A ministerial Duty to receive and File All paper in A Criminal Proceeding and to Perform All other Duties imposed on Her As District Attorney by LAW Pursuant To T.C.C.P. Art. 2.21 and is responsible Under T.C.C.P. 11.07. Sec: 3. (c) and (D) immediately Transmit to the Court of Criminal Appeals A Copy of this Application For Writ of Habeas Corpus. Any Answer's Filed and the Certificate reciting the Date upon which that Finding was made if the Convicting Court decides that there are no issues to be resolved then the District Attorney For Harris County. She be served Her place of Bussiness at 1201 Franklin. Suite 600. Houston. Texas 77002-1923.

2

## III

## Violation of Article 11.07. of The Texas Code of Criminal Procedure

The Respondent has Violated Article 11.07. Section 3 C and D of the Texas Code of Criminal Procedure and denied the Petitioner his Right under Due Process under the 14th Amendment of The States- United States Constitution. By failing to Provide Access To Court by not Provide the Texas Court of Criminal Appeals with A Copy of the Application For Writ of habeas Corpus. Any Answer filed and A Certificate reciting Date upon which that was made to the Court of Criminal Appeals within the Time Prescribed by Law under Due Process and and withing reasonable time from the date on which the documents were requested to be transmitted. Requests for the transmitted of the Application For Writ of Habeas Corpus. Any Answers filed and A certificate reciting the date upon which that Finding was made by District Attorney of Harris County, Texas, Houston By Certified Mailed pursuant to Article 11.0.7. Section 3-C of the Code of Criminal Procedure True and accuarte Copies Copies of the letter Was send To the Court As A Exhibits in the month of February or March of 2015- But the Clerk Abel Acosta Stated on May 15, 2015. RE: Trial Court Case # 1329927C after A thorough Search of our records. We find that you do Not have A Writ of Habeas Corpus filed in the Court of Criminal Appeals at this time:

Noted: My Letter was Asking about A Writ of Mandamus. Not A Writ under 11.0.7.

noted: on August 15. 2014 Chris Daniel-Harris County. District Clerk Stated in A Letter To me Dear Applicant your Post Conviction for Writ of Habeas Corpus was received and Filed on August 13 2014. Article 11.07 of the Texas Code of Criminal

Procedure affords the state 15 days in which to answer the Application after having been served with said Application After the 15 days allowed the State to answer the application. The Court has 20 days in which it may order the designation of issues to be resolved. if any. If the Court has not entered an order designating issues to be resolved within 35 days after the state having been served with the application. The Application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.0.7. sec: 3 (c) of Texas Code of Criminal Procedure.

Noted: Petitioner - it discriminates Against Indigent Petitioner. Under The United States Equal Protection Act. Also The Court of Criminal Appeals in Culton held: [T]he Tran Script which is the initial and main legal in Protecting Any Persons Petitioner and fundemental Rights are Lost or Missing without Petitioner fault... The Petitioner is irreparably harmed Culton v State 850 sw2d 572. (Tex. Crim. App. 1993 [En Banc] noted. The Fourteenth Amendment to the United States Constitution States [IN Part] That No State Shall with out Due Process of Law Deprive Any citizen of his Liberty or Property. The state Actor here being Devon Anderson- District Attorney For Harris County, Texas in Houston. who respectfully did not follow the said Due Process of Law which has been set forth. by not Furnishing this Court A Copy of the 11.0.7. writ that was File with the 183rd District Court of Harris County Texas in Houston. thus Depriving Petitioner of His Due Process Rights to Liberty How-Beit - Every Day that Passes in Violation of this Prin ciple. Has been in essence. A day that Petitioner has been Confined and thus being Deprived of His Due Process see Max well v State 485 sw2d 196-200 (Tex. Crim. App. 2001

4

See Also Draper v Washington 372 U.S. 487. 83 S.Ct. 774 9 L. Ed 899 (1963) and Chamber v Cal. Dept. of Corrs 205 F. 3d 1237-1242 (10th Cir. 2000).

Noted: It has been Nine months and the Court is Just Setting on the Petitioner 11.0.7, Writin Violation of the Petitioner Right to Liberty

Noted: Petitioner has Not received no response From Devon Anderson - District Attorney For Harris County Courthouse. Regarding Petitioner request For Transmitted of A Copy of the Application For Writ of Habea Corpus Any Answers filed and certificate reciting the date upon which Finding was made to the Court of Criminal Appeals. As it is clear from the Petitioner's Letter The Petitioner has repeatedly put the District Attorney on Notice that Petitioner seeks the Transmitted of A Copy of the Application For WRIT of Habeas Corpus. Any Answers Filed and A Certificate reciting the date upon which that finding was made to the Court of Criminal Appeals to Acton- Petitioner's writ of habeas Corpus.

Noted: Devon Anderson District Attorney has gone well Beyond any Requirement or obligations imposed upon Her by Texas Code of Criminal Procedure has In Contrast to Relator's efforts... Respondent has wholly Failed to Comply with the Texas Code of Criminal Procedure. Article 11.0.7. Section 3-C and D. is Acting in Bad Faith and has Also failed to Afford Relator the Professional and has Also Denied Common Curtesy of Any written responses to His Correspondence and request.

Noted: Under Texas Rule of Court Rule 73.5 the District Court 180 days has Expiration- Adopted by Court of Criminal Appeals Dec 11 2013 eff Jan 1, 2014

5.

# Prayer For Relief

Where Fore. Premises Considered Meria James Bradley Pro-se respectfully requests A finding that the respondent did not transmit Documents to the Court of Criminal Appeals within A reasonable time after the date they were requested and that Petitioner brought this Litigation in Good Faith and has substantially prevailed. Petitioner prays for an order directing Respondent to transmit copy of the Application For Writ of Habeas Corpus Any Answers filed. and A certificate reciting the date upon which that Finding was made to the Court of Criminal Appeals as directed in Article 11.0.7. Section 3 c. of the Texas Code of Criminal Procedure and as requested in Petitioner - Writ For mandamus.

Date on May 27, 2015

Respectfully Submitted

By Meria James Bradley
Petitioner - Pro SE

# Court OF Criminal Appeals
## Austin, Texas

## AFFidavit

I meria James BradLey do swear under oa that the Facts being presently incarcerated in T.D.C.J. declare under penalty of perjury that according to my belief the Facts stated in the above Application For Writ of Mandamus are True and Correct

Signed on may 27, 2015

meria James Bradley
Pro se Petitioner

## Certificate of Service

I here by certify that A True copy of the above Appllication For Writ of mandamus was served on The State of Texas by placing A copy in the U.S. mail address to the Harris County District clerk at 1201 Franklin.st. P.O. Box 4651. Houston, Texas 77210-4651 on may 27 2015

meria James Bradley
Pro se Petitioner

7

Case number 1328927-C

Court OF Criminal Appeals
OF TEXAS - EN-BANC

IN THE 183rd District Court OF
Harris County, TEXAS

Meria James Bradley

v.

State OF Texas

Abel Acosta TEXAS Court of Criminal Appeals
Clerk - In His official Capacity

## ORDER

on this day came on to be Heard the foregoing Application For Writ of mandamus and it Appears to the Court that the same Should be _____ Granted

It is therefore Order that the Clerk shall immediately transmit to the Court of Criminal Appeals EN-Banc A copy of the Application For Writ of mandamus AND ANSWERS filed and A Certificate reciting the date upon which that transmittal was made.

Signed on this _____ day of _____ 2015

_____
Presiding Judge

8

Case Number 1328927-C

Court OF Criminal Appeals
OF Texas — EN-Banc

IN THE 183rd District Court OF
Harris County, Texas

meria James Bradley
V.
State OF Texas

Order Regarding ReQuest For Hearing ON Writ oF Mandamus

ON this ___ day of May 2015 Appellate request for a hearing on his Appllication For Writ of Mandamus that was presented to the Court. But had not been Rule on by this Court.

It is Ordered. Adjudged and Decreed by the Court that the Appellant's request for A Hearing Shall be:

_____ Granted          _____ Denied

_____
Judge Presiding

9